# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JAIME CRITCHFIELD,
     Plaintiff,

v.                                  Case No: 3:08cv32/RV/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
     Defendant.

_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for authorization of attorney fees (doc. 34), to which defendant has responded (doc. 35). Defendant does not object to the requested fee. Plaintiff's counsel seeks compensation pursuant to 42 U.S.C. § 406(b) for time spent in this court successfully obtaining benefits for his client. He seeks a total of $14,904.00 under a contingent fee contract with his client.

Plaintiff's counsel concedes that he is entitled to be awarded fees only for the time spent in the judicial portion of the case, and that if awarded fees, he will be required to refund to plaintiff the amount of $2947.60 previously awarded under the EAJA (doc. 30). As the result of counsel's efforts in this case, plaintiff was awarded back benefits beginning in December, 2002, and the Commissioner has withheld $14,904.00 from the amount owed for payment of fees pursuant to § 406(b). The contingent fee contract at issue here provides that plaintiff shall pay her attorney 25% of the past benefits recovered.

In *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) the Supreme Court held that, contrary to prior Circuit Court decisions, including *Kay*

***v. Apfel***, **176 F.3d 1322 (11ᵗʰ Cir. 1999), the lodestar approach is not the appropriate standard for awarding fees in cases of this nature. Rather, this court must independently assess the reasonableness of the fee contract, giving significant weight to its terms, but further considering such concerns as (1) whether the attorney was responsible for the delay (thereby increasing the amount of past-due benefits), and (2) whether the benefits are large in relation to the time spent on the case, thereby granting counsel an undeserved windfall. 535 U.S. at 808, 122 S.Ct. at 1828. Case law provides little guidance in determining what constitutes the type of windfall about which the *Gisbrecht* court expressed concern, but it approvingly cited to *Rodriquez v. Bowen*, 865 F.2d 739 (6ᵗʰ Cir. 1989), which disapproved the award of a full 25% fee in a case submitted to the court "on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent." 865 F.2d at 739. On the other hand, the full amount may be appropriate "for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded his clients." *Id.***

Counsel did not rely on boilerplate pleadings, but succeeded in convincing the court to reverse the decision of the Commissioner. Clearly this involved an extensive effort to overcome legal and factual obstacles to the enhancement of the benefits awarded his client. Plaintiff's counsel has been handling this case since August, 2007, and represented the plaintiff with the expectation that he would receive nothing for his efforts if he was not successful. It does not appear that counsel was in any way responsible for any delay in the proceedings. The undersigned therefore finds that the fee requested, being the fee contemplated in the fee agreement between the plaintiff and her attorney, is reasonable.

Accordingly, it is respectfully RECOMMENDED that the amended petition for authorization of attorney fees (doc. 34) be granted, and that the court:

a.      Order the Commissioner to disburse the sum of $14,904.00 to plaintiff's counsel, John M. Pennington, Esq., as reasonable attorney fees under Title 42 U.S.C. § 406(b), and

b.      Order counsel to refund to plaintiff the $2,947.60 previously awarded him by this court under the EAJA.


At Pensacola, Florida, this 12th day of August, 2009.



/s/ *Miles Davis*
            **MILES DAVIS**
            **UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**
Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).